833 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry A. BREAKEY, Defendant-Appellant.
 No. 87-1172.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1987.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Barry A. Breakey, appeals his convictions for willful evasion of income taxes, under 26 U.S.C. Sec. 7201, for the years 1981 and 1982.
 
 
 2
 Defendant is a surgeon who formed a Universal Life Church ("ULC") congregation, naming himself as pastor and setting up a checking account in the name of the ULC congregation. During 1981, he deposited over $29,000 of his personal funds into the ULC congregation account, and claimed a charitable deduction in that amount on his federal income tax return; during 1982, he claimed a deduction in excess of $44,000 for such a transfer. The ULC congregation account was then used by defendant exclusively to pay personal living expenses, including some of the costs attributable to trips to gambling casinos.
 
 
 3
 Included in the government's case was evidence that, upon his return from gambling trips, defendant deposited large sums of cash into his personal bank account, which were not reported as taxable income. The government also introduced evidence from casino personnel indicating that his gambling losses were less than the amount of these deposits. Defendant contends on appeal that his evidence established that the deposits consisted of money he had borrowed from the casinos for gambling, and that he later repaid the loans by personal checks.
 
 
 4
 Subsequent to oral argument, defendant sought to amend the joint appendix to include Government Exhibit 1-6, a document referred to in his brief and at oral argument. The motion is granted.
 
 
 5
 Defendant first contends that the district court erred in admitting evidence of his gambling activities and of the large cash deposits, because the evidence was irrelevant to the charges against him, was confusing to the jury, and was unfairly prejudicial.
 
 
 6
 Evidence of payment from the ULC congregation account of some of defendant's expenses while on gambling trips was circumstantial evidence relevant to establishing an element of the government's case, that defendant had willfully attempted to evade paying federal income taxes, since expenditures of this type tended to negate the existence of a good-faith belief that his deposits to the ULC congregation account could be claimed as charitable contribution deductions. By the same token, the government's evidence of defendant's dealings in large sums of cash seems at least marginally relevant to the willfulness issue; although such evidence might well have been excluded, it does not strike us as so confusing or prejudicial that we ought to hold that its admission constituted reversible error.
 
 
 7
 We have carefully reviewed the record and are unable to agree with defendant's next contention, that there was insufficient evidence to sustain a finding of willfulness. Instead, when one views the evidence of defendant's use of a bank account belonging to a purported church to pay his personal and gambling expenses, in the light most favorable to the prosecution, a reasonable jury could find beyond a reasonable doubt that defendant willfully attempted to evade income taxes for 1981 and 1982 by specifically intending to set up a sham church for the sole purpose of avoiding taxes. See Stephenson v. Comm'r, Internal Revenue, 748 F.2d 331 (6th Cir.1984).
 
 
 8
 Finally, defendant complains that his proffered instruction on character evidence mistakenly was not read to the jury. Because there was no objection lodged to the omission, defendant's contention must be analyzed under the plain error standard. Fed.R.Crim.P. 30. This requires that we find that omission of the instruction seriously affected substantial rights of defendant, and had an unfair prejudicial impact on the jury's deliberations. United States v. Young, 470 U.S. 1, 15-16, (1985); United States v. Frady, 456 U.S. 152, 163 n. 14 (1982). Because the proffered instruction limited the use to be made by the jury of testimony from defendant's character witnesses, and it would appear that it was to his advantage to have it omitted, its omission cannot be said to have prejudiced his cause.
 
 
 9
 In view of the foregoing, the judgment of the district court is affirmed.